# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 20, 2018

Lyle W. Cayce
Clerk

No. 17-60630
Summary Calendar

ANA LAURA HERCULES-QUITENO; CHRISTOPHER DANIEL TORRES-HERCULES,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 730 570
BIA No. A206 730 571

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Ana Laura Hercules-Quiteno and her son Christopher Daniel Torres-Hercules, both natives and citizens of El Salvador, petition this court to review the order of the Board of Immigration Appeals (BIA) dismissing their appeal from the denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We review for substantial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence the findings that the petitioners were not eligible for such relief. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). We will affirm a finding unless the "evidence compels a contrary conclusion." *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996); *see* 8 U.S.C. § 1252(b)(4)(B). The petitioners have "the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted). We review the final decision of the BIA and will also review the ruling of the immigration judge (IJ) insofar as it affected the BIA's decision. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).

First, petitioners contend that the BIA applied an incorrect standard in reviewing whether any past or feared future persecution had the required nexus to Hercules-Quiteno's political opinion. Our court, however, lacks jurisdiction to review an issue for which an alien failed to exhaust all administrative remedies available to her as of right. *See Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009); 8 U.S.C. § 1252(d)(1). Because the petitioners' claim that the BIA relied on an erroneous legal standard is an issue "stemming from the BIA's act of decisionmaking," it could not have been raised prior to the BIA's issuance of its decision. *Omari*, 562 F.3d at 319-21. Petitioners therefore were required to raise the issue in a motion to reopen or for reconsideration to satisfy the exhaustion requirement. *E.g., id.* at 320-21. Because they did not do so, our court lacks jurisdiction to review the claim. *See id.*; *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

Next, petitioners challenge the finding that they were not eligible for asylum and withholding of removal. As to their contention that they were subject to past persecution, petitioners were sent threats and extortion demands via text messages, a note left at their house, and twice in person, and

No. 17-60630

a man attempted to kidnap Hercules-Quiteno's daughter, which did not result in any physical harm. These incidents, without more, do not compel a finding of persecution. *See, e.g., Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012); *Eduard v. Ashcroft*, 379 F.3d 182, 187-88 (5th Cir. 2004).

As for future persecution, petitioners have not set forth evidence "so compelling" that no reasonable factfinder could fail to find the nexus requirement fulfilled. *Orellana-Monson*, 685 F.3d at 518. Specifically, petitioners have not pointed to anything that compels a finding that Hercules-Quiteno's political opinion was a central reason for any feared future persecution. *See Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009). Rather, the hearing testimony and other record evidence supports the BIA's and the IJ's finding that the gang members were motivated primarily by Hercules-Quiteno's refusal to cooperate with their demands for money, and Hercules-Quiteno's political opinion, if any existed or was imputed to her by the gang members, played an incidental role. *Cf. Sharma v. Holder*, 729 F.3d 407, 412-13 (5th Cir. 2013). Petitioners likewise have not shown that the evidence compels the conclusion that Hercules-Quiteno's membership in her nuclear family will be a central reason for any persecution. *See Shaikh*, 588 F.3d at 864. Nor have petitioners shown that the BIA's and the IJ's determination regarding the putative group of single working mothers in El Salvador—i.e., that it is not cognizable as a particular social group—was arbitrary or capricious, and we will not disturb that determination. *See Orellana-Monson*, 685 F.3d at 520-21. Thus, the BIA's and the IJ's conclusion that petitioners were not eligible for asylum is supported by substantial evidence. *See Zhang*, 432 F.3d at 344.

As petitioners have not shown that they are entitled to asylum, they concomitantly have not shown that they are entitled to withholding of removal.

3

No. 17-60630

*See Eduard*, 379 F.3d at 186 n.2.  Finally, there is no basis in the record to demonstrate that the BIA and IJ erred in rejecting the petitioners' speculative CAT claim that they would be tortured with the acquiescence of a public official upon their return to El Salvador.  *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017).  Nor does the case require remand in light of our recent decision in *Iruegas-Valdez v. Yates*, 846 F.3d 806 (5th Cir. 2017).  Petitioners provided no particularized evidence in this case of the sort offered by Iruegas-Valdez.

The petition for review is DISMISSED IN PART and DENIED IN PART.